GOTHARD, Judge.
On June 28, 1986 Ralph Gordon Deer, Jr. committed armed robbery of a Time Saver store in Jefferson Parish, Louisiana. During the robbery, Deer shot the store clerk in the face, at close range, with a twenty guage shotgun. The clerk bled to death within ten minutes. Police investigation led to the arrest and confession of defendant Deer on June 30, 1986. Deer was indicted by the Jefferson Parish grand jury, and entered a plea of not guilty and not guilty by reason of insanity.
Deer was convicted of first degree murder and was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence.[1] Deer has appealed challenging only that the evidence is insufficient to support his conviction, and urging that we check the record for errors patent.
FACTS
The events leading to Deer’s conviction are summarized as follows. On the day of the robbery, Deer picked up his friend, one Billy Rolland, from school at 2:15 p.m. Deer lived with Billy and Billy’s family. From there they drove to a supermarket where Deer, using Billy’s money, purchased shotgun shells. These were then placed under the car seat. Later in the day, Deer smuggled Billy’s shotgun out of *272 his house in a sleeping bag and placed it in the car. At first it was placed in the back seat, though later he moved it to the trunk when he and Billy made plans to go out.
Deer, along with a group of friends (which included Rhonda Stoltz, his girlfriend; Billy and his date, Donna; Billy’s sister, Bridgett, and her date, Keith) decided to go to a movie. But when Deer's car window broke, they instead went to the lakefront where they sat and talked from about 7:00 p.m. to 10:30 p.m. While there they drank a three quart mixture of Ever-clear (190 proof) alcohol and presweetened Koolaid with Deer drinking from two to four cups. Both Deer and Billy also took Placidyl, a depressant. Deer testified that out of everyone’s view he took more Placi-dyl and six tablets of L.S.D.
At midnight Deer drove his friends home. He and Billy then drove to a nearby Time Saver store. Deer told Billy that he was going to rob the store and get a little extra money. When he found too many people at the store, Deer told Billy he knew of another Time Saver where an old man worked. Once there, Deer went in to see if the old man was working and alone. He then came back to get the shotgun. While Billy stayed in the car, Deer went into the store. With the trigger cocked and the shotgun aimed at the store clerk’s head, Deer asked him to open the cash register, and he did. Deer then asked him for the money, and he put it on the counter. Deer grabbed the money and fired the shotgun in the clerk’s face. Deer then left the store and drove Billy and himself back to Billy’s house. Billy testified that while driving home Deer seemed upset that he had shot the clerk for only eleven dollars. At home, Deer smuggled the shotgun back into the house. He then phoned Rhonda. Rhonda testified that Deer phoned her about 2:30 a.m., and that he was crying when he told her what had happened. The next day Deer, Billy, and Rhonda went fishing. They bought cigarettes and bait with the eleven dollars Deer robbed from the Time Saver.
Deer testified that he shot and killed the Time Saver store clerk, but that he did not mean to kill the clerk. He testified that the gun fired accidently as he turned to leave the store. He testified that he did not know why he shot the clerk, but that he was scared, and that he had “freaked out”.
Deer’s arresting officer, Detective Bernard Wortmann, testified that during his investigation of these crimes, he interviewed Rhonda, who stated that Deer told her that he shot the store clerk because he could identify him. Rhonda denied making such a statement to Detective Wortmann. Rather, she testified that Deer told her that he did not know why he shot the clerk.
SUFFICIENCY OF EVIDENCE
Defendant’s appellate counsel challenges the sufficiency of the evidence for Deer’s conviction. He alleges Deer’s drug and alcohol induced state at the time of the offense precluded Deer’s ability to formulate the specific intent required to find him guilty of first degree murder.
The standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986).
In pertinent part, LSA-R.S. 14:30 defines first degree murder as:
... the killing of a human being: (1) when the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of ... armed robbery ...
LSA-R.S. 14:10(1) defines specific intent as:
... that state of mind which exists when the circumstances indicate that the *273 offender actively desired the prescribed criminal consequences to follow his act or failure to act.
Because specific intent is a state of mind, it need not be proven as a fact, but may be inferred from the circumstances of the transaction and the actions of the defendant, LSA-R.S. 15:445. Thus, it is necessary that a determination be made as to whether the circumstances presented support the jury’s finding that the defendant had the specific intent to kill or inflict great bodily harm.
At the trial, the defendant introduced testimony that he had been drinking heavily and had taken drugs several hours before the commission of the offense. According to Rhonda Stoltz, Deer’s girlfriend, the drugs and alcohol ingested by Deer that night made him moody. She observed him shaking, his eyes twitching, and his speech was sometimes loud and mixed up. An acquaintance of Deer’s, one Paul Chris-tiana, testified that when he saw Deer about 11:00 p.m. that night, Deer was acting silly, laughing, and stumbling, and appeared intoxicated.
However, Billy Rolland, Deer’s cohort throughout the evening, testified that while Deer may have had a “buzz”, he was not drunk, confused, nor did he have difficulty speaking. Billy testified that Deer had no difficulty driving that night; that Deer drove their friends home, and after that Deer drove to the Time Saver with Billy, robbed it, as Billy remained in the car, and then drove home from the Time Saver with Billy still in the car.
Forensic psychiatry experts, Drs. Richard Richoux and David Shraberg, who interviewed Deer as members of the appointed sanity commission for the purpose of determining Deer’s competency and his ability to distinguish right from wrong at the time of the offense, did not conclude that Deer was intoxicated at the time of .the’ shooting and robbery. These experts each testified that the circumstances of the crime as related by Deer established that he knew that he was committing an armed robbery and that it was wrong. It was their opinion that at the time of the offense, Deer was not drug affected, hallucinating, nor had the drugs affected or impaired his reasoning. However, neither expert would testify whether Deer did or did not have the specific intent to kill the store clerk.
We find it pertinent to note here that Deer himself did not ever claim that his crime was a result of intoxication, or that his memory had lapsed at the time of the shooting. Deer had no difficulty testifying to the details of the crime, including the expression of fright on the store clerk’s face when he shot him.
The defendant’s appellate counsel contends that the combined effects of drugs and alcohol deprived Deer of the specific intent necessary in a first degree murder conviction. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Kennedy, 494 So.2d 550 (La.App. Cir. 1 1986), writs denied, 495 So.2d 290 (La.1986). The unanimous guilty verdict in this case demonstrates that the jury did not believe that the defendant was so intoxicated as to preclude his having the specific intent indicated by his acts, or that the shooting was an accident. Considering the evidence, we find the rational trier of fact could conclude beyond a reasonable doubt that the defendant specifically intended to kill or do great bodily harm to the store clerk during his armed robbery of the Time Saver, and he is therefore guilty of first degree murder.
ERRORS PATENT
Defendant urges that we review the record for errors patent; we have found none. LSA-C.Cr.P. art. 920.
Accordingly, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. Deer was convicted of first degree murder by unanimous verdict of a twelve person jury. However, he was sentenced to life imprisonment without benefits by the trial judge pursuant to LSA-C.Cr.P. art. 905.8 after the jury was unable to reach a unanimous recommendation as to his sentence.